

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN 11, TEXAS

PRICE DANIEL
ATTORNEY GENERAL

March 22, 1947

Hon. Bert Ford
Texas Liquor Control Board
Austin, Texas       Opinion No. V-100

Re: Validity of order passed
by the Commissioners' Court
of Burleson County with
reference to the sale of
alcoholic beverages and

Dear Mr. Ford:      related questions.

Your letter of February 25 is set out in full
below:

"Your valued opinion is respectfully
requested with reference to the certain
questions propounded below with reference
to the fact situations herein related:

"Marked Exhibit One is a copy of an
order passed by the Commissioners Court of
Burleson County, Texas, under date of March
11, 1946, with reference to the sale of al-
coholic beverage in Burleson County.

"Under date of March 26, 1946, Steve
D. Navles, P. O. Box 181, Bryan, Texas, exe-
cuted an original application for a package
store permit to be located on the south side
of Highway 21, five hundred (500) yards west
of the Brazos River Bridge, about twelve miles
from Caldwell in Burleson County, Texas. This
application, accompanied by a proper bond and
the necessary fees, was filed with the Texas
Liquor Control Board on April 10, 1946. Short-
ly after April 11, 1946, the above mentioned
copy of the Commissioner's Court order was
filed with the Texas Liquor Control Board.

"On or about April 19, 1946, Mr. Steve
D. Navles, accompanied by his attorneys, Law
Henderson of Bryan and Ghent Sanderford of
Austin, appeared in my office and requested

some action on his application for a package store permit. The application was approved by County Judge Hays Bowers of Burleson County, Texas, and found to be in regular order.

"Prior to the appearance of Mr. Navles and his attorneys, I had been informed that a building had been moved on the property across the road from the location Mr. Navles desired to use for his permit and that said building was being converted into a church. A hearing was had and evidence offered to show that there was no church in existence at this location at this time. As Administrator for the Board I found that there was no church in existence within three hundred (300) feet of the location for which Mr. Navles sought a liquor store permit; and on April 19, 1946, I ordered the permit issued and same was issued.

"In compliance with the provisions of the Texas Liquor Control Act, under date of July 18, 1946, Steve D. Navles executed the proper application for renewal of the permit above mentioned and same, accompanied by the proper fee, was filed with the Board on July 29, 1946. The renewal permit was issued September 1, 1946, and automatically expires August 31, 1947. No protest against the renewal of the original permit was ever filed with this office until long after the renewal permit was issued.

"Yesterday, I received a letter dated February 18, 1947, signed by H. D. Dennis, Pastor of the Williams Memorial Church, which church Pastor Williams says is within one hundred forty-four (144) feet of the front door of the Navles Package Store in question. Pastor Dennis is demanding a hearing on the matter.

"I am also in receipt of a letter dated February 16, 1947, from Sheriff Cleve Bates, Burleson County, Texas, which letter came into my hands yesterday stating that the L. K. Williams Memorial Baptist Church is located

directly across the highway from the Navles
Package Store.

"At my request the attorneys for the
Williams Memorial Church had a survey made of
distance between the said church and the
Navles Liquor Store, and I attach the plat,
which was made and certified to by Bennie
F. Sebesta, County Surveyor of Burleson
County, Texas. I had requested the attor-
neys for the Memorial Baptist Church to
have the engineer making this survey show
all roads intersecting with State Highway
No. 21, but he apparently overlooked doing
this. Since this plat is drawn to scale,
it can be assumed that there is not any
other road intersecting with State Highway
No. 21 within 300 feet of the Memorial Bap-
tist Church or the Navles Liquor Store.

"In cases heretofore arising where a
church has been built within 300 feet of a
package store, according to the measurements
specified, after a permit has been issued,
it has been been the policy of this depart-
ment to notify the permittee that the permit
would not be renewed unless a new location
had been found before the expiration of same
for the reason that the Administrator has
been unable to find any authority in the
law authorizing cancellation. The Adminis-
trator has also been unable to find any
authority for making a refund for the un-
used portion of the permit fee even if the
permit were surrendered for voluntary can-
cellation.

"The only instances where similar fact
situations have arisen have been in incorpor-
ated cities and towns having an ordinance
prohibiting a license or permit within 300 feet
of a church. So far as the Administrator
knows, the Commissioner's Court in Burleson
County is the only one that has undertaken to
pass an order prohibiting sales in rural areas
where a church is located within 300 feet of
a premise authorized to sell alcoholic bever-
ages.

"While the order of the Commissioner's Court of Burleson County does not exactly follow Section 25(a) of the printed Texas Liquor Control Act with reference to measurements, I think it is fair to assume that the attached order was passed by said Court under the authority provided in said Section 25 (a).

"The specific questions which I desire to have answered by the Attorney General are as follows:

"1. Is the order passed by the Commissioner's Court of Burleson County, Texas, under date of March 11, 1946, a valid order?

"2. If the order is valid, then has County Surveyor Bennie F. Sebesta of Burleson County, Texas, made the measurements in the proper manner, or should the measurements be along the property lines of the street fronts and from front door to front door and in direct line across intersections where they may occur? (See Section 25 (a) ).

"3. If it is determined that the ordinance is valid and also determined that the measurements have been properly made, then is it the duty of the Administrator, assuming that the Williams Memorial Church is now a bona fide church, to cancel the package store permit of Steve D. Navles?

"4. If it is held that it is the duty of the Administrator to cancel the Navles' permit, then what section of the Act is to be used in notifying Mr. Navles that a hearing is to be had for the purpose of cancelling his permit provided it is determined that his location is within 300 feet of a bona fide church?

"5. If the permit is cancelled under these circumstances, then would Steve D. Navles be entitled to a refund of his permit fee from the date of the cancellation to August 31, 1947, which is the date same automatically expires?"

Article 666-25a of Vernon's Penal Code, which is also Section 25a of Article 1 of the Texas Liquor Control Act, is as follows:

"The Commissioners' Court of any county in the territory thereof outside incorporated cities and towns and the governing authorities of any city or town within the corporate limits of any such city or town may prohibit the sale of alcoholic beverages by any dealer where the place of business of any such dealer is within three hundred (300) feet of any church, public school or public hospital, the measurements to be along the property lines of the street fronts and from front door to front door and in direct line across intersections where they occur."

That such delegation by the Legislature is valid appears well settled. We quote from 30 Am. Jur. 435, 436.

"A state, in the exercise of its police power, may enact a valid law forbidding the sale of intoxicating liquor in a particular locality, such as a law prohibiting sales within specified distances of churches and schools, as well as other buildings, institutions, and grounds, public and private. Similar power may be conferred upon municipalities and counties. . . .

"  . . . .

"The Legislature may by statute, and municipalities and counties, duly authorize, may by ordinance prohibit the establishment or licensing of saloons within specified distances of churches." (Emphasis added.)

The first question for determination is the validity of the order of the Commissioners' Court of Burleson County dated March 11, 1946. The order of the Commissioners' Court contains the following language with regard to method of measurements:

", . . the mileage to be made from the front door of the property line and from property line to front door."

Article 666-25a, supra, grants the authority to counties and cities to prohibit the sale of alcoholic beverages where the place of business is within three hundred feet of certain establishments and then in the latter part of the article provides for the means of measuring this distance:

> " . . . . the measurements to be along the property lines of the street fronts and from front door to front door and in direct line across intersections where they occur."

The language used in the Commissioners' Court order to set forth the method of measurement is obscure and ambiguous. However, it may be assumed that the Commissioners' Court meant to follow the method of measurement set forth by the Legislature. We quote from 20 C. J. S. 802:

> "As a county is a quasi corporation . . . . . , and a governmental agency of the State, . . . with no independent sovereignty, it possesses only such powers as are expressly or impliedly conferred upon it by constitutional provisions or legislative enactments. Powers not conferred are just as plainly prohibited as though expressly forbidden; and, when a power is conferred to be exercised in a particular manner, there is an implied restriction upon the exercise of that power in excess of the grant, or in a manner different from that permitted." (Emphasis added.)

As to the construction to be placed on county orders, we quote from 20 C. J. S., 871:

> "Since it is not to be expected that the orders and ordinances of a county board will be drawn with that degree of preciseness and skill which characterizes acts adopted by higher legislative bodies, they should, except for penal ordinances, be construed liberally, and so as to give effect to the clear intention of the county board."

And again in 20 C. J. S., 870, we find this statement:

"A county order ordinance must comply with the formal requisites, prescribed by statute. However, where the subject matter of the order or ordinance is within the jurisdiction of the board, substantial compliance is sufficient, and the order or ordinance will not be declared invalid for mere informalities or irregularities, or because of the presence of unnecessary recitals therein, whether such recitals are correct or incorrect."

We believe that a comparison of the language used in the statute and the language used in the county order with reference to method of measurement shows an attempt on the part of the county to adopt the statutory language, and in view of the liberal construction to be given county orders, we are of the opinion that the Commissioners' Court order is a valid one, and that the method of measurement intended by the Commissioners' Court is the method set forth in Article 666-25a, supra.

The next question to be resolved is whether or not the measurement as shown on the plat is the correct method. The church is located on the west side of Texas Highway No. 21 and the liquor store on the east side of said highway and north of the church. The county surveyor has measured from the north door of the church diagonally and in a north easterly direction to the west door of the liquor store. In other words, his measurement consists of a straight line joining the two doors, and is, therefore, a measurement of the closest distance between the two doors. This distance is 144 feet. Your question is whether this is the correct method or whether the measurement should be "along the property lines of the street fronts and from front door to front door and in direct line across intersections where they occur."

The cases of Hallum v. Texas Liquor Control Board, 166 S. W. (2d) 175, and Stubbs v. Texas Liquor Control Board, 166 S. W. (2d) 178, deal with the proper method of measurement under Article 666-25a, supra. Although in both of these cases an intersection was involved, we believe the language will be helpful in the question before us. In these cases, the court decided that the distance between opposite corners of intersections was properly measured diagonally rather than across street lines.

We believe that in order to accord with the rule prescribed by Art. 666-25a, the measurement should be as follows: Beginning at the front door of the L. K. Williams Memorial Baptist Church in an easterly direction to the property line of the highway front; thence at right angles north along said line to a point directly opposite the front door of the liquor store; thence east in a direct line to the front door of Navles Liquor Store.

Since an intersection does not occur between these establishments, it was not the legislative intent to require measurement to the nearest intersection and then back to the establishment where the intersection does not separate the church from the package store. The following language in the Hallum case, cited above, leads us to this conclusion:

"In reaching the front door of the church from the front door of appellant's place of business, and vice versa, necessarily, the intersection of these streets would be encountered." (Emphasis added.)

It would therefore seem to follow that if in walking from front door to front door an intersection would not necessarily be encountered then the measurement would be made from front door to front door along the property lines and across the street in direct line.

Strength is added to this proposition by the Stubbs case, cited above, in which the Dallas Court of Civil Appeals stated:

"Obviously, it was the intention of the Legislature to prohibit a place for the sale of liquor within 300 feet of a church, determined by any permissable measurement under the rule prescribed for that purpose . . . . In applying the prohibition against sales near churches, great liberality is exercised, and the rule of construction usually adopted is said to favor the religious institutions and not the traffickers in liquor, . . . . .

An excellent annotation on the mode of measurement of such distances appears in 96 A. L. R., 778. In that annotation, the following language appears:

"The proposition appears to be established as a rule of law that, except as may be otherwise specifically provided, the distance contemplated by a statute or regulation prohibiting the granting of a license for the sale of intoxicating liquors, or traffic therein, within a certain distance of a named institution or place (e. g., church. . . . ), must be measured in a straight line, rather than in some other manner, such as by the usually traveled route or the street lines." (Emphasis added.)

It is our opinion that the computation of the distance in the manner already set forth is the correct method of measurement.

The third question is whether or not it is your duty to cancel the package store permit of Steve D. Navles, assuming the Williams Memorial Church to be a bona fide church. Article 666-12, Vernon's Penal Code, provides as follows:

"The Board or Administrator may cancel or may suspend for any period of time not exceeding sixty (60) days, after notice and hearing, any such permit granted if it is found that any of the following is true:

"(1). That the permittee has at any time been convicted for the violation of any provision of this Act.

"(2). That the permittee has violated any provision of this Act or any rule or regulation of the Board at any time.

"(3). That the permittee has made any false or misleading representation or statement in his application.

"(4). That the permittee is indebted to the state for any taxes, fees, or penalties imposed by this Act or by any rule or regulation of the Board.

"(5). That the permittee is not of good moral character, or that his reputation for being a peaceable and law-abiding

citizen in the community where he resides is bad.

"(6). That the place or manner in which permittee conducts his business is of such a nature which, based on the general welfare, health, peace, morale, and safety of the people and on the public sense of decency, warrants the cancellation or suspension of the permit.

"(7). That the permittee is not maintaining an acceptable bond.

"(8). That the permittee maintains a noisy, lewd, disorderly, or insanitary establishment or has been supplying impure or otherwise deleterious beverages.

"(9). That the permittee is insolvent or incompetent, or physically unable to carry on the management of his establishment.

"(10). That the permittee is in the habit of using liquor to excess.

"(11). That either the permittee, his agents, servants, or employees have misrepresented to a customer or the public any liquor sold by him.

"(12). Where the word 'permittee' is used in (1), (2), (3), (5), (6), and (10), of this Section it shall also mean and include each member of a partnership or association and each officer and the owner or owners of the majority of the corporate stock of a corporation."

Under the "Expressio Unius" rule, the Board or Administrator may cancel or suspend a permit only if some subsection of Section 12, supra, has been violated. We quote 39 Tex. Jur., 188, 189:

"The maxim Expressio Unius est exclusio alterius (the expression of one thing is exclusive of another) is said to be a logical, sensible and sound rule of construction; and it has been frequently applied in the construction of statutes as well as in the interpretation of other documents. The maxim signifies that the express mention or enumeration of one person, thing, consequence or class is tantamount to an express exclusion of all others. And

when it is applicable, affirmative words imply a negative of what is not affirmed, negative words imply an affirmative of what is not negatived; and a provision limiting a thing to be done in a particular form or manner implies that it shall not be done otherwise."

After a careful reading of Section 12, supra, and a consideration of all of the facts presented in your letter, it is the opinion of this Department that you do not have authority to cancel the package store permit of Steve D. Navles under any of the subsections of Article 666-12, Vernon's Penal Code.

Having answered your first question in the affirmative and your second and third questions in the negative, a consideration of questions 4 and 5 is unnecessary.

## SUMMARY

(1) The order passed by the Commissioners' Court of Burleson County prohibiting the sale of intoxicating beverages within 300 feet of a church is valid. The measurement of the 300 feet from package store to church must be along the property lines of the street fronts and from front door to front door as provided in Art. 666-25a, Vernon's Penal Code.

(2) Where church is built within 300 feet of package store after permit has been issued and permit is renewed without any protest being filed, Administrator is not authorized to cancel permit under Art. 666-12, Vernon's Penal Code.

Very truly yours,

APPROVED MAR. 24, 1947

*Price Daniel*

ATTORNEY GENERAL

ATTORNEY GENERAL OF TEXAS

By *Clarence Mills*

Clarence Y. Mills
Assistant

CYM:rt:mrj